**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER SNYDER,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **NORFOLK SOUTHERN RAILWAY COMPANY,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 3:23-CV-00059** |

**NORFOLK SOUTHERN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW REMOTE TESTIMONY OF DR. ALEXANDRA URBAN**

Defendant, Norfolk Southern Railway Company ("Norfolk Southern"), by and through its undersigned counsel, respectfully files this Response in Opposition to Plaintiff's Motion to Allow Remote Testimony of Dr. Alexendra Urban. *See* ECF 120.

Norfolk Southern objects to this late-disclosed request for virtual testimony for three reasons: (1) her testimony would be duplicative and delay the Court's anticipated trial schedule; (2) Dr. Urban's name was not disclosed to the jury during the *voir dire* process for potential conflicts; (3) there is neither good cause nor the compelling circumstances necessary to excuse the deeply entrenched default of live testimony.

Dr. Urban is a neurologist working for the University of Pittsburgh Medical Center (UPMC). The jury has already heard testimony from Plaintiff's primary care physician and is scheduled to hear testimony from Plaintiff's treating neurologist tomorrow, Dr. Joseph Clark. Additionally, the Court has already admitted into evidence documents reflecting Dr. Urban's treatment of Plaintiff. *See, e.g.,* Exhibit P11 (includes Dr. Urban's progress treatment notes from March 29, 2017, which Dr. Clark is copied on). The Court has instructed the parties to bring all

witnesses who will be providing live testimony tomorrow, and has asked counsel for both parties to make their best efforts to ensure the trial is completed to verdict by Friday, September 4, 2026. This late addition of yet another witness by Plaintiff is likely to delay proceedings.

Dr. Urban's name was also not disclosed to the jury during the *voir dire* process for potential conflicts. On the first day of trial, the Court asked the parties to confirm the list of witnesses that would be appearing for trial. Dr. Urban, who was previously listed on Plaintiff's "may call" witness list among nine names, was not identified to the jurors for conflicts. Notably, one of the jurors seated in this case is also employed by UPMC. Accordingly, this may require supplemental *voir dire*, causing further delay, and leading to issues if any of the jurors knows Dr. Urban. *See United States v. Price*, 573 F.2d 356, 362 (5th Cir. 1978) (discussing the role of supplemental voir dire after new events transpired).

Lastly, Plaintiff's motion does not establish good cause or compelling circumstances to excuse the rule for in-person testimony, as Dr. Urban is a local doctor, is only "on-call," and even if she is called to work will only need to get to a computer.

Live in-person testimony is the "strong" and "deeply entrenched default" under the Federal Rules of Civil Procedure. *J.D. v. Price*, 619 F. Supp. 3d 523, 526 (W.D. Pa. 2022); Fed. R. Civ. P. 43(a) (stating that "[a]t trial, the witnesses' testimony must be taken in open court unless" a statute or rule provides otherwise). The default "will only be excused when three factors are met—good cause, compelling circumstances, and appropriate safeguards." *Id*. Courts analyzing the issue of videoconference testimony have recognized its shortcomings, noting that it is rarely a substitute for actual presence due to the lessened ability of the jury to observe demeanor of the witness. *See id*. at 527 (citing *Perotti v. Quinones*, 790 F.3d 712, 723 (7th Cir. 2015)). Since it is not comparable to in-person testimony, it should only be an acceptable substitute in "extraordinary circumstances."

*Id*. at 528. Additionally, video testimony brings with it the risk of distracting and disruptive technological problems—frozen screens, garbled audio, dropped video feeds—which may prolong proceedings and waste "the jurors' valuable time." *Id*. Even when video testimony runs smoothly, the "very ceremony of trial" is fostered by the formal trappings of a federal courtroom which aids in the truth discovery process, standing in "stark contrast to the perceived casual atmosphere of video proceedings and corresponding behavior that it has engendered." *Id*. at 528-29.

Plaintiff states that Dr. Urban is on-call tomorrow overseeing EEG services at UPMC. Dr. Clark's office address in Pittsburgh is approximately two miles from the Courthouse where this trial is occurring. Plaintiff notes that EEGs can be read remotely, while others require her to be "at her computer." Such circumstances do not constitute the extraordinary circumstances required to override the default of in person testimony.

For the reasons outlined, Norfolk Southern respectfully urges the Court to deny Plaintiff's late request for remote testimony, as no extraordinary circumstances justify deviating from the default of live, in-person proceedings, and this duplicative testimony will disrupt the trial schedule.

Dated: August 31, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ R. Colin Power*
R. Colin Power (PA Bar No. 319273)
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Tel: (215) 665-5341
Fax: (215) 665-8760
Email: colin.power@bipc.com

Kathleen Jones Goldman (PA Bar No. 90380)
Buchanan Ingersoll & Rooney PC
Union Trust Building

501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: (412) 562-1401
Fax: (412) 562-1014
Email: kathleen.goldman@bipc.com

*Counsel for Defendant Norfolk Southern Railway Company*