**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTOPHER SYNDER,

Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY, CO.,
Defendant.

Civil Action No. 23-0059
ELECTRONICALLY FILED

# FINAL JURY INSTRUCTIONS

## I. GENERAL INSTRUCTIONS – DELIBERATIONS

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW.

YESTERRDAY, WE GAVE YOU COPIES OF THE VERDICT FORM ON WHICH YOU WILL ANSWER SPECIFIC QUESTIONS. THE INSTRUCTIONS I AM ABOUT TO GIVE YOU WILL HELP YOU ANSWER THOSE QUESTIONS.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THESE INSTRUCTIONS, YOUR NOTES, THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE, AND THE VERDICT

FORM. YOU SHOULD SELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN OPEN COURT.

YOU HAVE TWO MAIN DUTIES AS JURORS. THE FIRST ONE IS TO DECIDE WHAT THE FACTS ARE FROM THE EVIDENCE THAT YOU SAW AND HEARD HERE IN COURT. DECIDING WHAT THE FACTS ARE IS YOUR JOB, NOT MINE, AND NOTHING THAT I HAVE SAID OR DONE DURING THIS TRIAL WAS MEANT TO INFLUENCE YOUR DECISION ABOUT THE FACTS IN ANY WAY.

YOUR SECOND DUTY IS TO TAKE THE LAW THAT I GIVE YOU, APPLY IT TO THE FACTS, AND DECIDE IF, UNDER THE APPROPRIATE BURDEN OF PROOF, THE PARTIES HAVE ESTABLISHED THEIR CLAIMS. IT IS MY JOB TO INSTRUCT YOU ABOUT THE LAW, AND YOU ARE BOUND BY THE OATH THAT YOU TOOK AT THE BEGINNING OF THE TRIAL TO FOLLOW THE INSTRUCTIONS THAT I GIVE YOU, EVEN IF YOU

PERSONALLY DISAGREE WITH THEM. THIS INCLUDES THE INSTRUCTIONS THAT I GAVE YOU BEFORE AND DURING THE TRIAL, AND THESE INSTRUCTIONS. ALL THE INSTRUCTIONS ARE IMPORTANT, AND YOU SHOULD CONSIDER THEM TOGETHER AS A WHOLE.

PERFORM THESE DUTIES FAIRLY. DO NOT LET ANY BIAS, SYMPATHY OR PREJUDICE THAT YOU MAY FEEL TOWARD ONE SIDE OR THE OTHER INFLUENCE YOUR DECISION IN ANY WAY.

AS JURORS, YOU HAVE A DUTY TO CONSULT WITH EACH OTHER AND TO DELIBERATE WITH THE INTENTION OF REACHING A VERDICT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER A FULL AND IMPARTIAL CONSIDERATION OF ALL OF THE EVIDENCE WITH YOUR FELLOW JURORS. LISTEN TO EACH OTHER CAREFULLY. IN THE COURSE OF YOUR DELIBERATIONS, YOU SHOULD FEEL FREE TO RE-EXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION BASED UPON THE EVIDENCE.

BUT YOU SHOULD NOT GIVE UP YOUR HONEST CONVICTIONS ABOUT THE EVIDENCE JUST BECAUSE OF THE OPINIONS OF YOUR FELLOW JURORS. NOR SHOULD YOU CHANGE YOUR MIND JUST FOR THE PURPOSE OF OBTAINING ENOUGH VOTES FOR A VERDICT.

WHEN YOU START DELIBERATING, DO NOT TALK TO THE JURY OFFICER, TO ME OR TO ANYONE BUT EACH OTHER ABOUT THE CASE. DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE. YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A CELL PHONE, A SMART PHONE LIKE BLACKBERRIES, DROIDS OR IPHONES, OR A COMPUTER OF ANY KIND; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE LIKE TWITTER; OR ANY INTERNET CHAT ROOM, BLOG, WEBSITE, OR SOCIAL NETWORKING SERVICE SUCH AS FACEBOOK, MYSPACE, LINKEDIN, OR YOUTUBE, TO COMMUNICATE TO ANYONE

ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.

YOU MAY NOT USE THESE ELECTRONIC MEANS TO INVESTIGATE OR COMMUNICATE ABOUT THE CASE BECAUSE IT IS IMPORTANT THAT YOU DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS COURTROOM. INFORMATION ON THE INTERNET OR AVAILABLE THROUGH SOCIAL MEDIA MIGHT BE WRONG, INCOMPLETE, OR INACCURATE. INFORMATION THAT YOU MIGHT SEE ON THE INTERNET OR ON SOCIAL MEDIA HAS NOT BEEN ADMITTED INTO EVIDENCE AND THE PARTIES HAVE NOT HAD A CHANCE TO DISCUSS IT WITH YOU. YOU SHOULD NOT SEEK OR OBTAIN SUCH INFORMATION AND IT MUST NOT INFLUENCE YOUR DECISION IN THIS CASE.

IF YOU HAVE ANY QUESTIONS OR MESSAGES FOR ME, YOU MUST WRITE THEM DOWN ON A PIECE OF PAPER, HAVE THE FOREPERSON SIGN THEM, AND GIVE THEM TO THE JURY

OFFICER. THE OFFICER WILL GIVE THEM TO ME, AND I WILL RESPOND AS SOON AS I CAN. I MAY HAVE TO TALK TO THE LAWYERS ABOUT WHAT YOU HAVE ASKED, SO IT MAY TAKE SOME TIME TO GET BACK TO YOU.

ONE MORE THING ABOUT MESSAGES. NEVER WRITE DOWN OR TELL ANYONE HOW YOU STAND ON YOUR VOTES. FOR EXAMPLE, DO NOT WRITE DOWN OR TELL ANYONE THAT A CERTAIN NUMBER IS VOTING ONE WAY OR ANOTHER. YOUR VOTES SHOULD STAY SECRET UNTIL YOU ARE FINISHED.

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER FOR YOU AS A JURY TO RETURN A VERDICT, EACH JUROR MUST AGREE TO THE VERDICT. YOUR VERDICT MUST BE UNANIMOUS.

AGAIN, A VERDICT FORM HAS BEEN PREPARED FOR YOU. IT HAS A SERIES OF QUESTIONS FOR YOU TO ANSWER. YOU WILL TAKE THIS FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR

VERDICT, YOU WILL FILL IT IN, AND HAVE YOUR FOREPERSON DATE AND SIGN THE FORM. YOU WILL THEN RETURN TO THE COURTROOM AND YOUR FOREPERSON WILL GIVE YOUR VERDICT. UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL YOU ARE DISCHARGED. AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.

ONCE AGAIN, I WANT TO REMIND YOU THAT NOTHING ABOUT MY INSTRUCTIONS AND NOTHING ABOUT THE VERDICT FORM IS INTENDED TO SUGGEST OR CONVEY IN ANY WAY OR MANNER WHAT I THINK YOUR VERDICT SHOULD BE. IT IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY TO DETERMINE THE VERDICT.

## II. EVIDENCE

I HAVE MENTIONED THE WORD “EVIDENCE.”

THE EVIDENCE FROM WHICH YOU ARE TO FIND THE FACTS CONSISTS OF THE FOLLOWING:

1. THE TESTIMONY OF THE WITNESSES;

2. DOCUMENTS AND OTHER THINGS RECEIVED AS EXHIBITS;

3. ANY FACTS THAT ARE STIPULATED--THAT IS, FORMALLY AGREED TO BY THE PARTIES; AND

4. ANY FACTS THAT ARE JUDICIALLY NOTICED--THAT IS, FACTS I HAVE SAID YOU MUST ACCEPT AS TRUE EVEN WITHOUT OTHER EVIDENCE.

THE FOLLOWING THINGS ARE NOT EVIDENCE:

1. STATEMENTS, ARGUMENTS, AND QUESTIONS OF THE LAWYERS FOR THE PARTIES IN THIS CASE;

2. OBJECTIONS BY LAWYERS;

3. ANY TESTIMONY I MAY HAVE TOLD YOU TO DISREGARD; AND

4. ANYTHING YOU MAY HAVE SEEN OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM.

YOU MUST MAKE YOUR DECISION BASED ONLY ON THE EVIDENCE THAT YOU SAW AND HEARD IN COURT. DO NOT

LET RUMORS, SUSPICIONS, OR ANYTHING ELSE THAT YOU MAY HAVE SEEN OR HEARD OUTSIDE OF COURT INFLUENCE YOUR DECISION IN ANY WAY.

YOU SHOULD USE YOUR COMMON SENSE IN WEIGHING THE EVIDENCE. CONSIDER IT IN LIGHT OF YOUR EVERYDAY EXPERIENCE WITH PEOPLE AND EVENTS, AND GIVE IT WHATEVER WEIGHT YOU BELIEVE IT DESERVES. IF YOUR EXPERIENCE TELLS YOU THAT CERTAIN EVIDENCE REASONABLY LEADS TO A CONCLUSION, YOU ARE FREE TO REACH THAT CONCLUSION.

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR COMMON EXPERIENCE, REASON AND COMMON SENSE.

THERE ARE RULES THAT CONTROL WHAT CAN BE RECEIVED INTO EVIDENCE. WHEN A LAWYER ASKED A

QUESTION OR OFFERED AN EXHIBIT INTO EVIDENCE, AND A LAWYER ON THE OTHER SIDE THOUGHT THAT IT IS NOT PERMITTED BY THE RULES OF EVIDENCE, THAT LAWYER MAY HAVE OBJECTED. THIS SIMPLY MEANS THAT THE LAWYER WAS REQUESTING THAT I MAKE A DECISION ON A PARTICULAR RULE OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE FACT THAT AN OBJECTION WAS MADE. OBJECTIONS TO QUESTIONS ARE NOT EVIDENCE. LAWYERS HAVE AN OBLIGATION TO THEIR CLIENTS TO MAKE OBJECTIONS WHEN THEY BELIEVE THAT EVIDENCE BEING OFFERED IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION OR BY THE COURT'S RULING ON IT. IF THE OBJECTION WAS SUSTAINED, IGNORE THE QUESTION. IF IT WAS OVERRULED, TREAT THE ANSWER LIKE ANY OTHER.

IN CERTAIN INSTANCES, EVIDENCE MAY ONLY BE ADMITTED FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL PURPOSES. IF YOU WERE INSTRUCTED

THAT SOME ITEM OF EVIDENCE WAS RECEIVED FOR A LIMITED PURPOSE ONLY, YOU MUST FOLLOW THAT INSTRUCTION.

ALSO, CERTAIN TESTIMONY OR OTHER EVIDENCE MAY HAVE BEEN ORDERED STRUCK FROM THE RECORD AND YOU WERE INSTRUCTED TO DISREGARD THIS EVIDENCE. DO NOT CONSIDER ANY TESTIMONY OR OTHER EVIDENCE THAT WAS STRUCK OR EXCLUDED. DO NOT SPECULATE ABOUT WHAT A WITNESS MIGHT HAVE SAID OR WHAT AN EXHIBIT MIGHT HAVE SHOWN.

COUNSEL FOR PLAINTIFF AND DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS. THIS MEANS THAT THESE EXHIBITS MEET THE REQUIREMENTS OF THE RULES OF EVIDENCE AND THEREFORE HAVE BEEN ADMITTED FOR YOUR CONSIDERATION. THIS DOES NOT MEAN THAT THE PARTIES AGREE AS TO THE INFERENCES OR CONCLUSIONS THAT YOU SHOULD OR MAY DRAW FROM ANY EXHIBIT.

THE PARTIES HAVE STIPULATED THAT CERTAIN FACTS ARE TRUE. YOU MUST THEREFORE TREAT THESE FACTS AS HAVING BEEN PROVED FOR THE PURPOSES OF THIS CASE.

**III. DIRECT AND CIRCUMSTANTIAL EVIDENCE**

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY USE IN REACHING YOUR VERDICT. ONE TYPE OF EVIDENCE IS CALLED "DIRECT EVIDENCE." AN EXAMPLE OF DIRECT EVIDENCE IS WHEN A WITNESS TESTIFIES ABOUT SOMETHING THAT THE WITNESS KNOWS THROUGH HIS OR HER OWN SENSES — SOMETHING THE WITNESS HAS SEEN, FELT, TOUCHED OR HEARD OR DID. IF A WITNESS TESTIFIED THAT HE SAW IT RAINING OUTSIDE, AND YOU BELIEVED HIM, THAT WOULD BE DIRECT EVIDENCE THAT IT WAS RAINING. ANOTHER FORM OF DIRECT EVIDENCE IS AN EXHIBIT WHERE THE FACT TO BE PROVED IS ITS EXISTENCE OR CURRENT CONDITION.

THE OTHER TYPE OF EVIDENCE IS "CIRCUMSTANTIAL EVIDENCE." CIRCUMSTANTIAL EVIDENCE IS PROOF OF ONE

OR MORE FACTS FROM WHICH YOU COULD FIND ANOTHER FACT. IF SOMEONE WALKED INTO THE COURTROOM WEARING A RAINCOAT COVERED WITH DROPS OF WATER AND CARRYING A WET UMBRELLA, THAT WOULD BE CIRCUMSTANTIAL EVIDENCE FROM WHICH YOU COULD CONCLUDE THAT IT WAS RAINING.

YOU SHOULD CONSIDER BOTH KINDS OF EVIDENCE THAT WERE PRESENTED TO YOU. THE LAW MAKES NO DISTINCTION IN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. YOU ARE TO DECIDE HOW MUCH WEIGHT TO GIVE ANY EVIDENCE.

**IV. JURORS' NOTES**

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE. NOTES ARE ONLY AN AID TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT THE EVIDENCE ACTUALLY IS. YOU SHOULD NOT DISCLOSE

ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES. IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.

## V. CREDIBILITY OF WITNESSES

IN DECIDING WHAT THE FACTS ARE, YOU MAY HAVE TO DECIDE WHAT TESTIMONY YOU BELIEVE AND WHAT TESTIMONY YOU DO NOT BELIEVE. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES. "CREDIBILITY" MEANS WHETHER A WITNESS IS WORTHY OF BELIEF. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS OR ONLY PART OF IT OR NONE OF IT. IN DECIDING WHAT TO BELIEVE, YOU MAY CONSIDER A NUMBER OF FACTORS, INCLUDING THE FOLLOWING:

(1) THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS THE WITNESS TESTIFIES TO;

(2) THE QUALITY OF THE WITNESSS UNDERSTANDING AND MEMORY;

(3) THE WITNESSS MANNER WHILE TESTIFYING;

(4) WHETHER THE WITNESS HAS AN INTEREST IN THE OUTCOME OF THE CASE OR ANY MOTIVE, BIAS OR PREJUDICE;

(5) WHETHER THE WITNESS IS CONTRADICTED BY ANYTHING THE WITNESS SAID OR WROTE BEFORE TRIAL OR BY OTHER EVIDENCE;

(6) HOW REASONABLE THE WITNESS'S TESTIMONY IS WHEN CONSIDERED IN THE LIGHT OF OTHER EVIDENCE THAT YOU BELIEVE; AND

(7) ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

INCONSISTENCIES OR DISCREPANCIES IN A WITNESS'S TESTIMONY OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY OR MAY NOT CAUSE YOU TO DISBELIEVE A WITNESS'S TESTIMONY. TWO OR MORE PERSONS WITNESSING AN EVENT MAY SIMPLY SEE OR HEAR IT DIFFERENTLY. MISTAKEN RECOLLECTION, LIKE FAILURE TO RECALL, IS A COMMON HUMAN EXPERIENCE. IN WEIGHING THE EFFECT OF AN INCONSISTENCY, YOU SHOULD ALSO CONSIDER WHETHER IT WAS ABOUT A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL. YOU SHOULD ALSO CONSIDER WHETHER THE INCONSISTENCY WAS INNOCENT OR INTENTIONAL.

YOU ARE NOT REQUIRED TO ACCEPT TESTIMONY EVEN IF THE TESTIMONY WAS NOT CONTRADICTED AND THE WITNESS WAS NOT IMPEACHED. YOU MAY DECIDE THAT THE WITNESS IS NOT WORTHY OF BELIEF BECAUSE OF THE WITNESS'S BEARING AND DEMEANOR, OR BECAUSE OF THE

INHERENT IMPROBABILITY OF THE TESTIMONY, OR FOR OTHER REASONS THAT ARE SUFFICIENT TO YOU.

IF YOU BELIEVE THAT A WITNESS KNOWINGLY TESTIFIED FALSELY CONCERNING ANY IMPORTANT MATTER, YOU MAY DISTRUST THE WITNESS'S TESTIMONY CONCERNING OTHER MATTERS. YOU MAY REJECT ALL OF THE TESTIMONY OR YOU MAY ACCEPT SUCH PARTS OF THE TESTIMONY THAT YOU BELIEVE ARE TRUE AND GIVE IT SUCH WEIGHT AS YOU THINK IT DESERVES.

THE WEIGHT OF THE EVIDENCE TO PROVE A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY. WHAT IS MORE IMPORTANT IS HOW BELIEVABLE THE WITNESSES WERE, AND HOW MUCH WEIGHT YOU THINK THEIR TESTIMONY DESERVES.

## VI. BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

THIS IS A CIVIL CASE. PLAINTIFF IS THE PARTY WHO BROUGHT THIS LAWSUIT. DEFENDANT IS THE PARTY

AGAINST WHOM THE LAWSUIT WAS FILED. PLAINTIFF HAS THE BURDEN OF PROVING HIS CASE BY WHAT IS CALLED THE PREPONDERANCE OF THE EVIDENCE. THAT MEANS PLAINTIFF HAS TO PROVE TO YOU, IN LIGHT OF ALL THE EVIDENCE, THAT WHAT HE CLAIMS IS MORE LIKELY SO THAN NOT SO. TO SAY IT DIFFERENTLY: IF YOU WERE TO PUT THE EVIDENCE FAVORABLE TO PLAINTIFF AND THE EVIDENCE FAVORABLE TO DEFENDANT ON OPPOSITE SIDES OF THE SCALES, PLAINTIFF WOULD HAVE TO MAKE THE SCALES TIP SOMEWHAT ON HIS SIDE. IF PLAINTIFF FAILS TO MEET THIS BURDEN, THE VERDICT MUST BE FOR DEFENDANT. IF YOU FIND AFTER CONSIDERING ALL THE EVIDENCE THAT A CLAIM OR FACT IS MORE LIKELY SO THAN NOT SO, THEN THE CLAIM OR FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE.

IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE

TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

YOU MAY HAVE HEARD OF THE TERM "PROOF BEYOND A REASONABLE DOUBT." THAT IS A STRICTER STANDARD OF PROOF AND IT APPLIES ONLY TO CRIMINAL CASES. IT DOES NOT APPLY IN CIVIL CASES SUCH AS THIS. SO YOU SHOULD PUT IT OUT OF YOUR MIND.

**VII. NATURAL PERSONS AND CORPORATE CITIZENS**

YOU SHOULD CONSIDER AND DECIDE THIS CASE AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY AND EQUAL WORTH. A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS A PRIVATE INDIVIDUAL. ALL PERSONS, INCLUDING CORPORATIONS, STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

## VIII. DESCRIPTION OF CASE; APPLICABLE LAW

IN THIS CASE THE PLAINTIFF, CHRISTOPHER SNYDER, MAKES A CLAIM AGAINST HIS CURRENT EMPLOYER, NORFOLK SOUTHERN RAILWAY, BASED ON A FEDERAL LAW KNOWN AS THE AMERICANS WITH DISABILITIES ACT, WHICH WILL BE REFERRED TO IN THESE INSTRUCTIONS AS THE “ADA.”

UNDER THE ADA, AN EMPLOYER MAY NOT DEPRIVE A PERSON WITH A DISABILITY OF AN EMPLOYMENT OPPORTUNITY BECAUSE OF THAT DISABILITY, IF THAT PERSON IS ABLE, WITH REASONABLE ACCOMMODATION IF NECESSARY, TO PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB. TERMS SUCH AS “DISABILITY” AND “REASONABLE ACCOMMODATION” ARE DEFINED BY THE ADA AND I WILL INSTRUCT YOU ON THE MEANING OF THOSE TERMS.

PLAINTIFF’S CLAIM UNDER THE ADA IS THAT HE WAS WITHHELD FROM SERVICE BY THE DEFENDANT BECAUSE OF HIS SEIZURE DISORDER AND BRAIN SURGERY.

DEFENDANT DENIES THAT IT DISCRIMINATED AGAINST PLAINTIFF IN ANY WAY. DEFENDANT FURTHER RELIES ON THE ADA'S "DIRECT THREAT" DEFENSE THAT IT COULD NOT MEDICALLY CLEAR PLAINTIFF TO RETURN TO WORK WHILE HIS CONDITION CAUSED HIM TO BE A DIRECT THREAT TO THE SAFETY OF HIMSELF OR OTHERS.

AS YOU LISTEN TO THESE INSTRUCTIONS, PLEASE KEEP IN MIND THAT MANY OF THE TERMS I WILL USE, AND YOU WILL NEED TO APPLY, HAVE A SPECIAL MEANING UNDER THE ADA. SO PLEASE REMEMBER TO CONSIDER THE SPECIFIC DEFINITIONS I GIVE YOU, RATHER THAN USING YOUR OWN OPINION OF WHAT THESE TERMS MEAN.

**A. ELEMENTS OF AN ADA CLAIM**

IN THIS CASE PLAINTIFF IS ALLEGING THAT DEFENDANT DISCRIMINATED AGAINST HIM WHEN IT WITHHELD HIM FROM SERVICE ON THE BASIS OF HIS MEDICAL CONDITION. IN ORDER FOR PLAINTIFF TO RECOVER ON THIS DISCRIMINATION CLAIM AGAINST

DEFENDANT, PLAINTIFF MUST PROVE THAT DEFENDANT INTENTIONALLY DISCRIMINATED AGAINST HIM. THIS MEANS THAT PLAINTIFF MUST PROVE THAT HIS MEDICAL CONDITION WAS A MOTIVATING FACTOR IN DEFENDANT'S DECISION TO WITHHOLD HIM FROM SERVICE.

TO PREVAIL ON THIS CLAIM, PLAINTIFF MUST PROVE ALL OF THE FOLLOWING BY A PREPONDERANCE OF THE EVIDENCE:

FIRST: PLAINTIFF HAS A "DISABILITY" WITHIN THE MEANING OF THE ADA.

SECOND: PLAINTIFF IS A "QUALIFIED INDIVIDUAL" ABLE TO PERFORM THE ESSENTIAL FUNCTIONS OF HIS POSITION DURING THE RELEVANT TIME PERIOD.

THIRD: PLAINTIFF'S DISABILITY WAS A MOTIVATING FACTOR IN DEFENDANT'S DECISION TO WITHHOLD PLAINTIFF FROM SERVICE.

FOURTH: DEFENDANT'S DECISION NEGATIVELY AFFECTED PLAINTIFF.

ALTHOUGH PLAINTIFF MUST PROVE THAT DEFENDANT ACTED WITH THE INTENT TO DISCRIMINATE ON THE BASIS OF A DISABILITY, HE IS NOT REQUIRED TO PROVE THAT DEFENDANT ACTED WITH THE PARTICULAR INTENT TO VIOLATE HIS FEDERAL RIGHTS UNDER THE ADA.

AS USED IN THIS INSTRUCTION, PLAINTIFF'S DISABILITY WAS A "MOTIVATING FACTOR" IF HIS DISABILITY PLAYED A PART IN DEFENDANT'S DECISION TO WITHHOLD PLAINTIFF FROM SERVICE.

IF YOU FIND THAT DEFENDANT'S TREATMENT OF PLAINTIFF WAS MOTIVATED BY BOTH DISCRIMINATORY AND LAWFUL REASONS, YOU MUST DECIDE WHETHER PLAINTIFF IS ENTITLED TO DAMAGES.

PLAINTIFF IS NOT ENTITLED TO DAMAGES IF DEFENDANT PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT PLAINTIFF'S CONDITION CAUSED HIM TO BE A "DIRECT THREAT" DURING THE RELEVANT TIME PERIOD.

**B. ADA DEFINITIONS — DISABILITY**

I WILL NOW PROVIDE YOU WITH MORE EXPLICIT INSTRUCTIONS ON THE STATUTORY TERMS. I REMIND YOU TO CONSIDER THE SPECIFIC DEFINITIONS I GIVE YOU. YOU ARE NOT TO USE YOUR OWN OPINIONS AS TO WHAT THESE TERMS MEAN.

UNDER THE ADA, THE TERM "DISABILITY" INCLUDES A PHYSICAL OR MENTAL IMPAIRMENT THAT "SUBSTANTIALLY LIMITS" A "MAJOR LIFE ACTIVITY."

BUT A PERSON ALSO HAS A DISABILITY UNDER THE ADA'S DEFINITION IF THEY HAVE A "RECORD OF" DISABILITY OR IF THEY ARE "REGARDED AS" HAVING A DISABILITY.

PLAINTIFF HAS A "RECORD OF" DISABILITY IF HE HAS A HISTORY OF HAVING A "PHYSICAL OR MENTAL IMPAIRMENT" THAT "SUBSTANTIALLY LIMITS" A MAJOR LIFE ACTIVITY. THIS MEANS THAT IF PLAINTIFF HAD A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY

LIMITED A MAJOR LIFE ACTIVITY BUT RECOVERED, HE STILL FITS WITHIN THE STATUTORY DEFINITION BECAUSE HE HAS A RECORD OF DISABILITY.

FINALLY, THE ADA'S DEFINITION OF "DISABILITY" INCLUDES NOT ONLY THOSE PERSONS WHO ACTUALLY HAVE A DISABILITY OR A RECORD OF HAVING A DISABILITY, BUT ALSO THOSE WHO ARE "REGARDED AS" HAVING A DISABILITY BY THEIR EMPLOYER. TO PROVE THAT HE WAS REGARDED AS HAVING A DISABILITY, PLAINTIFF MUST PROVE THAT DEFENDANT WITHHELD HIM FROM SERVICE BECAUSE DEFENDANT BELIEVED PLAINTIFF HAD A PHYSICAL OR MENTAL IMPAIRMENT. PLAINTIFF NEED NOT PROVE THAT THE IMPAIRMENT LIMITED A MAJOR LIFE ACTIVITY OR THAT DEFENDANT THOUGHT THE IMPAIRMENT LIMITED A MAJOR LIFE ACTIVITY.

PHYSICAL IMPAIRMENT MEANS – ANY PHYSIOLOGICAL DISORDER OR CONDITION OR ANATOMICAL LOSS AFFECTING ONE OR MORE BODY SYSTEMS, SUCH AS A

NEUROLOGICAL CONDITION.

AS I MENTIONED, TO BE AN ACTUAL DISABILITY, A PHYSICAL OR MENTAL IMPAIRMENT MUST SUBSTANTIALLY LIMIT PLAINTIFF'S ABILITY TO PERFORM A MAJOR LIFE ACTIVITY AS COMPARED TO MOST PEOPLE IN THE GENERAL POPULATION.

MAJOR LIFE ACTIVITIES INCLUDE, BUT ARE NOT LIMITED TO, "CARING FOR ONESELF, PERFORMING MANUAL TASKS, SEEING, HEARING, EATING, SLEEPING, WALKING, STANDING, LIFTING, BENDING, SPEAKING, BREATHING, LEARNING, READING, CONCENTRATING, THINKING, COMMUNICATING, AND WORKING." THEY ALSO INCLUDE "THE OPERATION OF A MAJOR BODILY FUNCTION," SUCH AS NEUROLOGICAL OR BRAIN FUNCTIONS.

SO LONG AS AN IMPAIRMENT SUBSTANTIALLY LIMITS ONE MAJOR LIFE ACTIVITY OF PLAINTIFF, IT IS A DISABILITY EVEN IF IT DOES NOT SUBSTANTIALLY LIMIT ANY OTHER OF

PLAINTIFF'S MAJOR LIFE ACTIVITIES. AN IMPAIRMENT NEED NOT PREVENT, OR SIGNIFICANTLY OR SEVERELY RESTRICT, PLAINTIFF FROM PERFORMING A MAJOR LIFE ACTIVITY IN ORDER TO BE CONSIDERED SUBSTANTIALLY LIMITING. NONETHELESS, NOT EVERY IMPAIRMENT IS A DISABILITY; YOU SHOULD COMPARE PLAINTIFF'S PERFORMANCE OF THE MAJOR LIFE ACTIVITY TO THE PERFORMANCE OF THE SAME MAJOR LIFE ACTIVITY BY MOST PEOPLE IN THE GENERAL POPULATION.

YOU SHOULD MAKE THIS COMPARISON WITHOUT REGARD TO THE EFFECTS OF MITIGATING MEASURES SUCH AS SURGERY AND/OR MEDICATION.

IF AN IMPAIRMENT IS EPISODIC OR IN REMISSION, IT CAN STILL BE A DISABILITY; THE QUESTION IS WHETHER THAT IMPAIRMENT WOULD SUBSTANTIALLY LIMIT A MAJOR LIFE ACTIVITY OF PLAINTIFF WHEN THE IMPAIRMENT IS ACTIVE.

IN DETERMINING WHETHER PLAINTIFF IS

SUBSTANTIALLY LIMITED IN A MAJOR LIFE ACTIVITY, YOU MAY FIND IT HELPFUL TO CONSIDER, AS COMPARED TO MOST PEOPLE IN THE GENERAL POPULATION, THE CONDITION UNDER WHICH PLAINTIFF PERFORMS THE MAJOR LIFE ACTIVITY; THE MANNER IN WHICH PLAINTIFF PERFORMS THE MAJOR LIFE ACTIVITY, OR FOR WHICH THE PLAINTIFF CAN PERFORM THE MAJOR LIFE ACTIVITY; AND/OR THE DURATION OF TIME IT TAKES PLAINTIFF TO PERFORM THE MAJOR LIFE ACTIVITY, OR FOR WHICH PLAINTIFF CAN PERFORM THE MAJOR LIFE ACTIVITY. IN THINKING ABOUT THESE FACTORS, YOU MIGHT CONSIDER, AMONG OTHER THINGS:

- THE DIFFICULTY, EFFORT, OR TIME REQUIRED TO PERFORM A MAJOR LIFE ACTIVITY;
- PAIN EXPERIENCED WHEN PERFORMING A MAJOR LIFE ACTIVITY;
- THE LENGTH OF TIME A MAJOR LIFE ACTIVITY CAN BE PERFORMED;

- THE WAY AN IMPAIRMENT AFFECTS THE OPERATION OF A MAJOR BODILY FUNCTION;
- NEGATIVE EFFECTS OF MEASURES THAT PLAINTIFF TAKES TO MITIGATE THE IMPAIRMENT – SUCH AS SIDE EFFECTS OF MEDICATION OR BURDENS ASSOCIATED WITH FOLLOWING A PARTICULAR TREATMENT REGIMEN.

YOU SHOULD FOCUS ON WHETHER THE IMPAIRMENT SUBSTANTIALLY LIMITS A MAJOR LIFE ACTIVITY, RATHER THAN ON WHAT OUTCOMES PLAINTIFF CAN ACHIEVE. FOR EXAMPLE, SOMEONE WITH A LEARNING DISABILITY MAY ACHIEVE A HIGH LEVEL OF ACADEMIC SUCCESS, BUT MAY NEVERTHELESS BE SUBSTANTIALLY LIMITED IN THE MAJOR LIFE ACTIVITY OF LEARNING BECAUSE OF THE ADDITIONAL TIME OR EFFORT HE OR SHE MUST SPEND TO READ, WRITE, OR LEARN COMPARED TO MOST PEOPLE IN THE GENERAL POPULATION.

PLEASE KEEP IN MIND THAT THE DEFINITION OF

"DISABILITY" IS TO BE CONSTRUED IN FAVOR OF BROAD COVERAGE OF INDIVIDUALS. THE PRIMARY QUESTION FOR YOU TO DECIDE IS WHETHER DEFENDANT HAS COMPLIED WITH ITS OBLIGATIONS UNDER THE ADA.

**C. ADA DEFINITIONS — QUALIFIED INDIVIDUAL**

UNDER THE ADA, PLAINTIFF MUST ESTABLISH THAT HE WAS A "QUALIFIED INDIVIDUAL." THIS MEANS THAT PLAINTIFF MUST PROVE TWO ELEMENTS:

FIRST, THAT HE HAD THE SKILL, EXPERIENCE, EDUCATION, AND OTHER JOB-RELATED REQUIREMENTS FOR THE POSITION, AND

SECOND, THAT HE COULD DO THE JOB'S "ESSENTIAL FUNCTIONS," EITHER WITH OR WITHOUT A REASONABLE ACCOMMODATION.

IF PLAINTIFF CANNOT PROVE BOTH ELEMENTS, THEN PLAINTIFF IS NOT A QUALIFIED INDIVIDUAL UNDER THE ADA. IF PLAINTIFF IS NOT A QUALIFIED INDIVIDUAL WITHIN

THE MEANING OF THE ADA, YOU MUST RETURN A VERDICT FOR DEFENDANT, EVEN IF THE REASON PLAINTIFF IS NOT QUALIFIED IS SOLELY AS A RESULT OF HIS DISABILITY. THE ADA DOES NOT REQUIRE AN EMPLOYER TO HIRE OR RETAIN AN INDIVIDUAL WHO CANNOT PERFORM THE JOB WITH OR WITHOUT AN ACCOMMODATION.

IN THIS CASE, PLAINTIFF CLAIMS THAT HE WAS ABLE TO PERFORM THE ESSENTIAL FUNCTIONS OF HIS POSITION WITHOUT ANY ACCOMMODATION. DEFENDANT CONTENDS THAT PLAINTIFF WAS UNABLE TO PERFORM THE ESSENTIAL FUNCTIONS OF HIS POSITION.

IT IS PLAINTIFF'S BURDEN TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HE WAS ABLE TO PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB.

IN DETERMINING WHETHER PLAINTIFF COULD PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB, YOU SHOULD KEEP IN MIND THAT NOT ALL JOB FUNCTIONS ARE "ESSENTIAL." THE TERM "ESSENTIAL FUNCTIONS" DOES NOT

INCLUDE THE MARGINAL FUNCTIONS OF THE POSITION. ESSENTIAL FUNCTIONS ARE A JOB'S FUNDAMENTAL DUTIES. IN DECIDING WHETHER WORKING AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATING LOCOMOTIVES IS ESSENTIAL TO THE ELECTRICIAN JOB, SOME FACTORS YOU MAY CONSIDER INCLUDE THE FOLLOWING:

- WHETHER THE PERFORMANCE OF WORKING AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATING LOCOMOTIVES IS THE REASON THAT THE JOB EXISTS;
- WHETHER THERE ARE A LIMITED NUMBER OF EMPLOYEES AVAILABLE TO WORK AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATE LOCOMOTIVES;
- WHETHER WORKING AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATING LOCOMOTIVES IS HIGHLY SPECIALIZED SO THAT THE PERSON IN THE

POSITION IS HIRED FOR HIS EXPERTISE OR ABILITY TO PERFORM THE PARTICULAR FUNCTIONS;

● DEFENDANT'S JUDGMENT ABOUT WHICH FUNCTIONS ARE ESSENTIAL TO THE ELECTRICIAN POSITION;

● WRITTEN JOB DESCRIPTIONS PREPARED BEFORE ADVERTISING OR INTERVIEWING APPLICANTS FOR THE JOB;

● THE AMOUNT OF TIME SPENT ON THE JOB WORKING AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATING LOCOMOTIVES;

● THE CONSEQUENCES OF NOT REQUIRING PLAINTIFF TO WORK AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATE LOCOMOTIVES;

● WHETHER OTHERS WHO HELD THE POSITION OF THE JOB WORKED AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATED LOCOMOTIVES;

● WHETHER THOSE HOLDING SIMILAR JOBS ALSO WORKED AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATED LOCOMOTIVES;

NO ONE FACTOR IS NECESSARILY CONTROLLING. YOU SHOULD CONSIDER ALL OF THE EVIDENCE IN DECIDING WHETHER WORKING AT HEIGHTS WITHOUT FALL PROTECTION AND OPERATING LOCOMOTIVES IS ESSENTIAL TO THE JOB.

IN ASSESSING WHETHER PLAINTIFF WAS QUALIFIED TO PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB YOU SHOULD CONSIDER HIS ABILITIES AS THEY EXISTED AT THE TIME DEFENDANT WITHHELD HIM FROM SERVICE.

IN DECIDING WHETHER PLAINTIFF WAS A QUALIFIED INDIVIDUAL, YOU MUST DETERMINE WHETHER, AT THE TIME OF DEFENDANT'S DECISION, HE POSSESSED THE REQUIRED SKILL, EXPERIENCE, EDUCATION, AND OTHER JOB-RELATED QUALIFICATIONS AND COULD PERFORM THE

ESSENTIAL FUNCTIONS OF THE ELECTRICIAN POSITION, WITH OR WITHOUT REASONABLE ACCOMMODATION. YOU MUST NOT REQUIRE PLAINTIFF, AS PART OF PROVING THAT HE WAS QUALIFIED, TO PROVE THAT THERE WAS NO RISK THAT HE MIGHT EXPERIENCE A SEIZURE OR OTHER SUDDEN MEDICAL INCAPACITY IN THE FUTURE. WHETHER SUCH A RISK EXISTED AND WAS SUFFICIENTLY SIGNIFICANT TO DISQUALIFY PLAINTIFF IS GOVERNED BY DEFENDANT'S SEPARATE AFFIRMATIVE DEFENSE OF DIRECT THREAT, ON WHICH DEFENDANT BEARS THE BURDEN OF PROOF. I WILL INSTRUCT YOU SEPARATELY ON THAT DEFENSE. IF DEFENDANT PROVES THAT DEFENSE, YOUR VERDICT MUST BE FOR DEFENDANT EVEN IF PLAINTIFF HAS PROVED THAT HE OTHERWISE SATISFIED THE REQUIREMENTS OF A QUALIFIED INDIVIDUAL.

### D. ADA STATUTORY DEFINITION – REASONABLE ACCOMMODATION

THE ADA PROVIDES THAT AN EMPLOYER MUST MAKE

REASONABLE ACCOMMODATIONS TO THE KNOWN PHYSICAL OR MENTAL LIMITATIONS OF AN OTHERWISE QUALIFIED INDIVIDUAL WITH A DISABILITY WHO IS AN APPLICANT OR EMPLOYEE, UNLESS THE EMPLOYER CAN DEMONSTRATE THAT THE ACCOMMODATION WOULD IMPOSE AN UNDUE HARDSHIP ON THE OPERATION OF ITS BUSINESS.

IN GENERAL, AN ACCOMMODATION IS A CHANGE IN THE WORK ENVIRONMENT OR IN THE WAY THINGS ARE CUSTOMARILY DONE THAT ENABLES AN INDIVIDUAL WITH A DISABILITY TO ENJOY EQUAL EMPLOYMENT OPPORTUNITIES. IN THE CONTEXT OF THIS CASE, THIS MEANS ACCOMMODATIONS THAT ENABLE THE EMPLOYER’S EMPLOYEES WITH DISABILITIES TO PERFORM THE ESSENTIAL FUNCTIONS OF THE POSITION HELD OR DESIRED. EXAMPLES OF SUCH REASONABLE ACCOMMODATIONS INCLUDE, BUT ARE NOT LIMITED TO, THE FOLLOWING:

- MODIFYING OR ADJUSTING A JOB APPLICATION

PROCESS TO ENABLE A QUALIFIED APPLICANT WITH A DISABILITY TO BE CONSIDERED FOR THE POSITION;

- MAKING EXISTING FACILITIES USED BY EMPLOYEES READILY ACCESSIBLE TO AND USABLE BY PLAINTIFF;
- JOB RESTRUCTURING;
- REASSIGNMENT TO A VACANT POSITION FOR WHICH PLAINTIFF IS QUALIFIED;
- OTHER SIMILAR ACCOMMODATIONS FOR INDIVIDUALS WITH PLAINTIFF'S DISABILITIES.

NOTE, HOWEVER, THAT A "REASONABLE ACCOMMODATION" DOES NOT REQUIRE DEFENDANT TO DO ANY OF THE FOLLOWING:

- CHANGE OR ELIMINATE ANY ESSENTIAL FUNCTION OF EMPLOYMENT;
- SHIFT ANY ESSENTIAL FUNCTION OF

EMPLOYMENT TO OTHER EMPLOYEES;

- CREATE A NEW POSITION FOR PLAINTIFF;
- PROMOTE PLAINTIFF; OR
- REDUCE PRODUCTIVITY STANDARDS.

**E. ADA DEFENSES — DIRECT THREAT**

IN THIS CASE, DEFENDANT CLAIMS THAT IT WITHHELD PLAINTIFF FROM SERVICE BECAUSE PLAINTIFF WOULD HAVE CREATED A SIGNIFICANT RISK OF SUBSTANTIAL HARM TO HIMSELF AND/OR OTHERS IN THE WORKPLACE.

YOUR VERDICT MUST BE FOR DEFENDANT IF IT HAS PROVED BOTH OF THE FOLLOWING BY A PREPONDERANCE OF THE EVIDENCE:

FIRST: DEFENDANT WITHHELD PLAINTIFF FROM SERVICE BECAUSE PLAINTIFF POSED A DIRECT THREAT TO THE HEALTH OR SAFETY OF HIMSELF AND/OR OTHERS IN THE WORKPLACE; AND

SECOND: THIS DIRECT THREAT COULD NOT BE ELIMINATED, OR REDUCED TO AN ACCEPTABLE LEVEL,

BY PROVIDING A REASONABLE ACCOMMODATION, AS I HAVE PREVIOUSLY DEFINED THAT TERM FOR YOU.

A DIRECT THREAT MEANS A SIGNIFICANT RISK OF SUBSTANTIAL HARM TO THE HEALTH OR SAFETY OF THE PERSON OR OTHER PERSONS THAT CANNOT BE ELIMINATED BY REASONABLE ACCOMMODATION. THE DETERMINATION THAT A DIRECT THREAT EXISTS MUST HAVE BEEN BASED ON AN INDIVIDUALIZED ASSESSMENT OF PLAINTIFF'S ABILITY TO SAFELY PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB. THIS ASSESSMENT OF PLAINTIFF'S ABILITY MUST HAVE BEEN BASED ON A REASONABLE MEDICAL JUDGMENT THAT RELIED ON THE MOST CURRENT MEDICAL KNOWLEDGE, OR THE BEST AVAILABLE OBJECTIVE EVIDENCE, OR BOTH.

IN DETERMINING WHETHER PLAINTIFF WOULD HAVE CREATED A SIGNIFICANT RISK OF SUBSTANTIAL HARM, YOU SHOULD CONSIDER THE FOLLOWING FACTORS:

1) HOW LONG ANY RISK WOULD HAVE LASTED;

2) THE NATURE OF THE POTENTIAL HARM AND HOW SEVERE THE HARM WOULD BE IF IT OCCURRED;

3) THE LIKELIHOOD THE HARM WOULD HAVE OCCURRED; AND

4) WHETHER THE POTENTIAL HARM WAS IMMINENT, THAT IS, WHETHER IT WAS ABOUT TO HAPPEN SOON.

## IX. DAMAGES

I AM NOW GOING TO INSTRUCT YOU ON DAMAGES. JUST BECAUSE I AM INSTRUCTING YOU ON DAMAGES DOES NOT MEAN THAT I HAVE ANY OPINION AS TO WHETHER DEFENDANT SHOULD BE HELD LIABLE FOR DAMAGES OR THAT DAMAGES SHOULD BE AWARDED.

### A. ADA DAMAGES – COMPENSATORY DAMAGES

IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT VIOLATED PLAINTIFF'S RIGHTS UNDER THE ADA BY WITHHOLDING PLAINTIFF FROM SERVICE, THEN YOU MUST CONSIDER THE ISSUE OF COMPENSATORY DAMAGES.

YOU MUST AWARD PLAINTIFF AN AMOUNT THAT WILL FAIRLY COMPENSATE HIM FOR ANY INJURY HE ACTUALLY SUSTAINED AS A RESULT OF DEFENDANT'S CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION, NO MORE AND NO LESS. THE AWARD OF COMPENSATORY DAMAGES IS MEANT TO PUT PLAINTIFF IN THE POSITION HE WOULD HAVE OCCUPIED IF THE DISCRIMINATION HAD NOT OCCURRED. PLAINTIFF HAS THE BURDEN OF PROVING DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.

PLAINTIFF MUST SHOW THAT THE INJURY WOULD NOT HAVE OCCURRED WITHOUT DEFENDANT'S ACT. PLAINTIFF MUST ALSO SHOW THAT DEFENDANT'S ACT PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT THE INJURY, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF DEFENDANT'S ACT. THIS TEST — A SUBSTANTIAL PART IN BRINGING

ABOUT THE INJURY — IS TO BE DISTINGUISHED FROM THE TEST YOU MUST EMPLOY IN DETERMINING WHETHER DEFENDANT'S ACTIONS WERE MOTIVATED BY DISCRIMINATION. IN OTHER WORDS, EVEN ASSUMING THAT DEFENDANT'S ACTIONS WERE MOTIVATED BY DISCRIMINATION, PLAINTIFF IS NOT ENTITLED TO DAMAGES FOR AN INJURY UNLESS DEFENDANT'S DISCRIMINATORY ACTIONS ACTUALLY PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT THAT INJURY.

IN DETERMINING THE AMOUNT OF ANY DAMAGES THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED BY COMMON SENSE. YOU MUST USE SOUND JUDGMENT IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE. YOU MAY NOT AWARD DAMAGES BASED ON SYMPATHY, SPECULATION, OR GUESSWORK.

YOU MAY AWARD DAMAGES FOR ANY PAIN, SUFFERING, INCONVENIENCE, MENTAL ANGUISH, OR LOSS

OF ENJOYMENT OF LIFE THAT PLAINTIFF EXPERIENCED AS A CONSEQUENCE OF DEFENDANT'S ALLEGEDLY UNLAWFUL ACT. NO EVIDENCE OF THE MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND SUFFERING HAS BEEN, OR NEED BE, INTRODUCED INTO EVIDENCE. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL.

**B. ADA DAMAGES – NOMINAL DAMAGES**

IF YOU RETURN A VERDICT FOR PLAINTIFF, BUT PLAINTIFF HAS FAILED TO PROVE ACTUAL INJURY AND THEREFORE IS NOT ENTITLED TO COMPENSATORY DAMAGES, THEN YOU MUST AWARD NOMINAL DAMAGES OF $1.00.

A PERSON WHOSE FEDERAL RIGHTS WERE VIOLATED IS ENTITLED TO A RECOGNITION OF THAT VIOLATION, EVEN IF HE SUFFERED NO ACTUAL INJURY. NOMINAL DAMAGES OF

$1.00 ARE DESIGNED TO ACKNOWLEDGE THE DEPRIVATION OF A FEDERAL RIGHT, EVEN WHERE NO ACTUAL INJURY OCCURRED.

HOWEVER, IF YOU FIND ACTUAL INJURY, YOU MUST AWARD COMPENSATORY DAMAGES, AS I INSTRUCTED YOU, RATHER THAN NOMINAL DAMAGES.

**C. ADA DAMAGES – BACK PAY**

IF YOU FIND THAT DEFENDANT HAS VIOLATED PLAINTIFF'S RIGHTS UNDER THE ADA, THEN YOU MUST DETERMINE THE AMOUNT OF DAMAGES THAT DEFENDANT'S ACTIONS HAVE CAUSED PLAINTIFF. PLAINTIFF HAS THE BURDEN OF PROVING DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.

YOU MAY AWARD AS ACTUAL DAMAGES AN AMOUNT THAT REASONABLY COMPENSATES PLAINTIFF FOR ANY LOST WAGES AND BENEFITS, TAKING INTO CONSIDERATION ANY INCREASES IN SALARY AND BENEFITS, INCLUDING PENSION, THAT PLAINTIFF WOULD HAVE RECEIVED FROM

DEFENDANT HAD PLAINTIFF NOT BEEN THE SUBJECT OF DEFENDANT'S CONDUCT.

**D. ADA DAMAGES – PUNITIVE DAMAGES**

PLAINTIFF CLAIMS THE ACTS OF DEFENDANT WERE DONE WITH MALICE OR RECKLESS INDIFFERENCE TO THE PLAINTIFF'S FEDERALLY PROTECTED RIGHTS AND THAT AS A RESULT THERE SHOULD BE AN AWARD OF WHAT ARE CALLED "PUNITIVE" DAMAGES. A JURY MAY AWARD PUNITIVE DAMAGES TO PUNISH A DEFENDANT, OR TO DETER THE DEFENDANT AND OTHERS LIKE THE DEFENDANT FROM COMMITTING SUCH CONDUCT IN THE FUTURE.

AN AWARD OF PUNITIVE DAMAGES IS PERMISSIBLE IN THIS CASE ONLY IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT'S MANAGEMENT OFFICIAL PERSONALLY ACTED WITH MALICE OR RECKLESS INDIFFERENCE TO PLAINTIFF'S FEDERALLY PROTECTED RIGHTS.

AN ACTION IS WITH MALICE IF A PERSON KNOWS THAT

IT VIOLATES THE FEDERAL LAW PROHIBITING DISCRIMINATION AND DOES IT ANYWAY. AN ACTION IS WITH RECKLESS INDIFFERENCE IF TAKEN WITH KNOWLEDGE THAT IT MAY VIOLATE THE LAW.

BUT EVEN IF YOU MAKE A FINDING THAT THERE HAS BEEN AN ACT OF DISCRIMINATION WITH MALICE OR RECKLESS DISREGARD OF PLAINTIFF'S FEDERAL RIGHTS, YOU CANNOT AWARD PUNITIVE DAMAGES IF DEFENDANT PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT IT MADE A GOOD-FAITH ATTEMPT TO COMPLY WITH THE LAW, BY ADOPTING POLICIES AND PROCEDURES DESIGNED TO PREVENT UNLAWFUL DISCRIMINATION SUCH AS THAT SUFFERED BY PLAINTIFF.

AN AWARD OF PUNITIVE DAMAGES IS DISCRETIONARY; THAT IS, IF YOU FIND THAT THE LEGAL REQUIREMENTS FOR PUNITIVE DAMAGES ARE SATISFIED, AND THAT DEFENDANT HAS NOT PROVED THAT IT MADE A GOOD-FAITH ATTEMPT TO COMPLY WITH THE LAW, THEN YOU MAY DECIDE TO

AWARD PUNITIVE DAMAGES, OR YOU MAY DECIDE NOT TO AWARD THEM. I WILL NOW DISCUSS SOME CONSIDERATIONS THAT SHOULD GUIDE YOUR EXERCISE OF THIS DISCRETION.

IF YOU HAVE FOUND THE ELEMENTS PERMITTING PUNITIVE DAMAGES, AS DISCUSSED IN THIS INSTRUCTION, THEN YOU SHOULD CONSIDER THE PURPOSES OF PUNITIVE DAMAGES. THE PURPOSES OF PUNITIVE DAMAGES ARE TO PUNISH A DEFENDANT FOR A MALICIOUS OR RECKLESS DISREGARD OF FEDERAL RIGHTS, OR TO DETER A DEFENDANT AND OTHERS LIKE THE DEFENDANT FROM DOING SIMILAR THINGS IN THE FUTURE, OR BOTH. THUS, YOU MAY CONSIDER WHETHER TO AWARD PUNITIVE DAMAGES TO PUNISH DEFENDANT. YOU SHOULD ALSO CONSIDER WHETHER ACTUAL DAMAGES STANDING ALONE ARE SUFFICIENT TO DETER OR PREVENT DEFENDANT FROM AGAIN PERFORMING ANY WRONGFUL ACTS IT MAY HAVE PERFORMED. FINALLY, YOU SHOULD CONSIDER WHETHER

AN AWARD OF PUNITIVE DAMAGES IN THIS CASE IS LIKELY TO DETER OTHERS FROM PERFORMING WRONGFUL ACTS SIMILAR TO THOSE DEFENDANT MAY HAVE COMMITTED.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THEN YOU SHOULD ALSO CONSIDER THE PURPOSES OF PUNITIVE DAMAGES IN DECIDING THE AMOUNT OF PUNITIVE DAMAGES TO AWARD. THAT IS, IN DECIDING THE AMOUNT OF PUNITIVE DAMAGES, YOU SHOULD CONSIDER THE DEGREE TO WHICH DEFENDANT SHOULD BE PUNISHED FOR ITS WRONGFUL CONDUCT, AND THE DEGREE TO WHICH AN AWARD OF ONE SUM OR ANOTHER WILL DETER DEFENDANT OR OTHERS FROM COMMITTING SIMILAR WRONGFUL ACTS IN THE FUTURE.

THE EXTENT TO WHICH A PARTICULAR AMOUNT OF MONEY WILL ADEQUATELY PUNISH A DEFENDANT, AND THE EXTENT TO WHICH A PARTICULAR AMOUNT WILL ADEQUATELY DETER OR PREVENT FUTURE MISCONDUCT, MAY DEPEND UPON THE DEFENDANT’S FINANCIAL

RESOURCES. THEREFORE, IF YOU FIND THAT PUNITIVE DAMAGES SHOULD BE AWARDED AGAINST DEFENDANT, YOU MAY CONSIDER THE FINANCIAL RESOURCES OF DEFENDANT IN FIXING THE AMOUNT OF SUCH DAMAGES.

**X. FINAL INSTRUCTIONS – DELIBERATIONS**

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE. IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.

IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE

YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER, AT ALL TIMES YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES

EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION, AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE.

THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HIS OR HER VIEWS.

THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT DELIBERATIONS ARE NOT RUSHED.  SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY

BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, HOWEVER, SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT TENDS TO “LOCK-IN” A PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING BEFORE RESPONDING. DON’T INTERRUPT AND DON’T MONOPOLIZE THE DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND RESPECTFUL OF OTHER OPINIONS, AND DON’T TAKE IT PERSONALLY IF SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND YOU HAVE REVIEWED A COPY. YOU WILL TAKE THE ORIGINAL VERDICT FORM TO THE JURY ROOM AND WHEN

YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL EACH SIGN IT, HAVE YOUR FOREPERSON DATE IT, AND THEN SIGNAL THE JURY OFFICER THAT YOU ARE PREPARED TO RETURN TO THE COURTROOM.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS. IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE JURY OFFICER WHO WILL BRING IT TO MY ATTENTION. AFTER CONSULTING WITH THE LAWYERS, I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR

NUMERICAL DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN THE VERDICT FORM PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND.

WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE DUTY AND RESPONSIBILITY. YOU WILL NOTE FROM THE OATH ABOUT TO BE TAKEN BY THE JURY OFFICER THAT SHE TOO, AS WELL AS ALL OTHER PERSONS, ARE FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE.

[SWEAR JURY OFFICER AND SEND JURY OUT]